**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

May 5, 2023

**BY ECF AND E-MAIL**

The Honorable Kenneth M. Karas
United States District Court Judge
Southern District of New York
Hon. Charles L. Brieant, Jr. United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:   *United States v. Raymond Rodriguez*, 17 Cr. 281 (KMK)
           **Updating the Court; Adjourning VOSR status conference and motion schedule**

Dear Judge Karas:

    The Government respectfully submits this letter updating the Court on the Government's position regarding the hearing currently scheduled for May 17, 2023 and requesting an adjournment of both the VOSR hearing from May 17, 2023 to an available date after May 31, 2023 and the motions schedule.[1]

    At the last status conference on April 20, 2023, the Government stated that the ADA had communicated her intention to dismiss the state case (which relates to the pending VOSR specifications) at a proceeding scheduled for May 3, 2023. Based on communications with the ADA on May 4, 2023, I have learned that the case has not yet been dismissed, and instead, there is a further proceeding scheduled for May 31, 2023. Based on an email communication with the ADA on May 5, 2023, the Government understands that the ADA still plans to dismiss the case on May 31, 2023.

    Additionally, as explained at the last status conference, the Government planned to determine the availability of the victim for possible testimony at a hearing. The Government has learned after contacting the victim, as well as speaking with the police officer who spoke to the victim on the scene of the road-rage incident, that the victim speaks Polish and limited English. The Government believes that the victim may be amenable to testifying at a hearing, which may obviate the need for motions regarding admission of hearsay testimony. Accordingly, the Government will go forward with the VOSR evidentiary hearing.

    The Government has notified defense counsel of the above, and defense counsel has requested an adjournment of the VOSR evidentiary hearing to a date after May 31, 2023, given

---

[1] At this time, the Government is set to file motions by May 10th, and defense is set to file a response by May 16th.

Case 7:17-cr-00281-KMK   Document 52   Filed 05/09/23   Page 2 of 2
Case 7:17-cr-00281-KMK   Document 51   Filed 05/05/23   Page 2 of 2

Page 2

that the state case will not be resolved before the currently scheduled May 17, 2023 evidentiary hearing. The Government has no objection to an adjournment of the VOSR evidentiary hearing, but would request a corresponding adjournment of the motions schedule because if the victim can be made available to testify in-person, the need for motions would likely be obviated. Defense counsel has no objection to an adjournment of the motions schedule.

Finally, the Government notes that Mr. Rodriguez's supervised release is scheduled to end on May 28, 2023, but he is currently under the supervision of pretrial services pursuant to a personal recognizance bond.[2] (*See* Dkt. No. 47.)

Granted.

The 5/17/23 hearing is adjourned to 6/26/23, at 2:00

So Ordered.

5/8/23

Respectfully,

DAMIAN WILLIAMS
United States Attorney

by: ___/s/_____
Timothy Ly
Assistant United States Attorney
(914) 993-1910

Cc: Rachel Martin, Esq. (by ECF and email)
U.S. Probation Officer Erica Cudina (by email)

---

[2] The expiration of supervision would not impact this Court's authority to revoke supervised release and impose imprisonment or additional supervised release, because the Court issued an arrest warrant while Mr. Rodriguez's term of supervised release was still pending. *See* 18 U.S.C. § 3583(i) ("The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and … a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.").